**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VIRTUAL FLEET MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>US FLEET TRACKING, LLC,<br><br>Defendant. | Civil Action No.<br><br>**(JURY TRIAL DEMANDED)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Virtual Fleet Management, LLC ("*Virtual Fleet*" or "*Plaintiff*") hereby alleges and complains as follows:

**PARTIES**

1. Plaintiff Virtual Fleet Management, LLC is a Texas limited liability company with its principle place of business in this district.

2. Virtual Fleet is the owner of all right, title, and interest, in and to U.S. Patent No. 6,958,701 ("the '*701 Patent*"), a copy of which is attached hereto as Exhibit A, and is entitled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle" and was duly and legally issued by the United States Patent and Trademark Office.

3. Upon information and belief, Defendant US Fleet Tracking, LLC ("US Fleet") is an Oklahoma limited liability company with a principle place of business at 2912 NW 156th Street, Edmond, OK 73013.

4. Upon information and belief, US Fleet manufactures, imports, sells and/or offers for sale GPS devices and software that infringe the '701 patent.

**JURISDICTION AND VENUE**

5. This is a claim for patent infringement brought by Virtual Fleet that arises under the Patent Laws of the United States, 35 U.S.C § 1 *et seq.,* including 35 U.S.C. § 271.

6. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7. Defendant is subject is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district consistent with the principles of due process

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe the '701 Patent within this judicial district, and this action arises from transactions of that business, including via its interactive websites, contact with consumers in this judicial district, and retail sales within this judicial district, including but not limited to sales through retailers such as East Texas Copy Systems, Academic Pest Control, and Kirby-Smith Machinery, Inc.

9. Upon information and belief, Defendant transacted business, contracted to supply goods or services including but not limited to sales through retailers such as East Texas Copy Systems located at 4545 Old Jacksonville Hwy, Suite 200, Tyler, Texas 75703; Academic Pest Control located at 17117 Westheimer, Suite 130, Houston, Texas 77082; and Kirby-Smith Machinery, Inc. located at 8505 S. Central Expressway, Dallas, Texas 7524; and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

10. Upon information and belief, Defendant placed infringing products for sale online and in retail stores, including but not limited to US Fleet Texas Division, to be used, shipped, and sold in this judicial district.

11. Upon information and belief, Defendant placed infringing products in the stream of commerce with the expectation that they would be bought and sold in retail stores, including but not limited to US Fleet Texas Division, within this judicial district.

12. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels, including but not limited to sales through retailers through such as US Fleet Texas Division, with the expectation that such products will be purchased by residents of this state.

13. Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has minimum contacts within the Stat and this judicial district, including via its websites, pursuant to due process and/or the Texas Long Arm Statute.

14. Upon information and belief, Defendant regularly conducts business within its State and judicial district and Virtual Fleet's causes of action arise from Defendant's business contacts and other activities in the State and this judicial district.

### THE ANTICIPATORY SUIT

15. Virtual Fleet engaged Patent Licensing Alliance ("PLA"), which specializes in research and sales of third party patents, to identify companies whose products and services may benefit from the technology covered by the '701 Patent.

16. On March 22, 2016, PLA sent a letter to Jerry Hunter, Chief Executive Officer for US Fleet, explaining that PLA's research team identified the US Fleet product as a product that utilizes the technology claimed and disclosed in the '701 Patent.

17. The letter indicated that although US Fleet's product employed the patented technology without a license, Virtual Fleet would prefer to negotiate a license with US Fleet for the patented technology rather than pursuing an infringement action.

18. Virtual Fleet negotiated with US Fleet but was unable to reach a settlement or negotiate a license with US Fleet for use of the patented technology.

19. On April 15, 2016, US Fleet filed suit against Virtual Fleet in the Western District of Oklahoma, Case No. 5:16-cv-00376 ("Oklahoma suit"), seeking a declaratory judgement regarding the applicability of the patent at issue in this suit based on what amounts to an affirmative defense in this suit.

20. Virtual Fleet has not yet been served the amended complaint in the Oklahoma suit.

21. US Fleet has no standing to bring the Oklahoma suit and as such does not and cannot satisfy the general doctrine of "first to file" rule.

22. Additionally, the Oklahoma suit fails on 12(b)6, grounds for failure to state a claim.

23. The Oklahoma suit further fails for lack of personal jurisdiction.

24. The Oklahoma suit, in any event, was brought in an improper forum.

25. As US Fleet has no standing to bring the Oklahoma suit under Article III, the suit and claims are void ab initio.

26.     Consequently, this action in the E.D. of Texas is the first, validly filed suit where jurisdiction and venue are proper.

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,958,701

27.     Virtual Fleet is the owner, by assignment, of all right, title and interest in and to the '701 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '701 Patent.

28.     Virtual Fleet has complied with the provision of 35 U.S.C. § 287.

29.     Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '701 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the US Fleet system, which infringes one or more claims of the '701 Patent ("Accused Products").

30.     Defendant is liable for infringement of one or more claims of the '701 Patent, including pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Product.

31.     Defendant is liable for indirect infringement of the '701 Patent by inducing and/or contributing to direct infringements of the '701 Patent committed by end users of the Accused Products.

32.     At least from the time Defendant received this Complaint, by which it was given actual notice of the '701 Patent, Defendants induced infringement because they knew, or should have known, that their acts would cause patent infringement, and they acted with intent to encourage direct infringement by their end users.

33.     At least from the time Defendant received this Complaint, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for combination covered by one or more claims of the '701 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

34.     Defendants had knowledge of the '701 Patent and are infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

35.     Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

36.     Defendants' infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '701 Patent.

37.     By way of example, without Defendant's Accused Product conducts satisfies each and every element of the '701 patent's claim 10 by:

   a.   US Fleet makes, uses, (including tests), sells and/or instructs customers to use a means for alerting a person to the proximity of a transmitter at a first instant of time. US Fleet provides, among other alerts, proximity of a transmitter associated with a vehicle.

   b.   US Fleet makes, uses (including tests), sells and/or instructs customers to use a transmitter and receiver spatially disparate to said transmitter, said transmitter and receiver tuned to a common transmission signal. Each vehicle tracked by US Fleet

includes a transmitter to transmit, among other information, the location of the vehicle. A receiver, spatially disparate from the transmitter in each vehicle, is tuned to a common transmission signal to receive information transmitted by the transmitter, such as vehicle location, speed, etc.

    c.      The common transmission signal of the US Fleet transmitter, which is detectable by the receiver, has a threshold, such as maximum transmission distance of the transmitter and/or minimum signal strength that the receiver is capable of detecting.

    d.      US Fleet makes, uses (including tests), sells and/or instructs customers to use a code carried by said common transmission signal identifying said transmitter and detectable by said receiver.  Each US Fleet transmitter includes a code to uniquely identify each driver/vehicle.  Such code is received and detectable by said receiver, including to identify a particular driver/vehicle among multiple drivers/vehicles.

    e.      US Fleet makes, uses (including tests), sells and/or instructs customers to use a means within said receiver for comparing said code to a plurality of stored values and responsive to a match therewith generating a signal indicative of a match.  The US Fleet receiver includes software for comparing the code sent by a particular transmitter with a plurality of stored values that identify drivers/vehicles.  Upon receiving a particular code that matches a particular driver/vehicle, US Fleet generates a signal indicative of the match, including for example, a signal logging the information associated with the driver/vehicle, such as speed, location, time driven, entry/exit into a particular geofence/region, etc.

    f.      US Fleet makes, uses (including tests), sells and/or instructs customers to use a means to prevent at least one of said plurality of stored values from being included

in said match signal generating.  US Fleet includes certain lock-outs, such as geographic-based lockout, for preventing at least one of the said plurality of stored values from being included in said match signal generating.  For example US Fleet includes a geofence lockout in order to prevent alerts from being generated for a particular driver/vehicle even if a match signal is detected/generated.

    g. US Fleet makes uses (including tests), sells and/or instructs customers to use a means for alerting a person to a proximity of a transmitter wherein said code uniquely identifies said transmitter.  The US Fleet transmitter is "unique" for each given transmitter associated with a driver/vehicle in order to identify the particular driver/vehicle (among a plurality of drivers/vehicles) with which the transmitter is associated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgement against Defendant as follows:

A. An entry of final judgement in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendant and all persons in active concert or participation with Defendant from further acts of infringement of '701 Patent;

D. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E.  Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursement, pursuant to 35 U.S.C. § 285; and

F.  Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: June 14, 2016         By:     /s/ Joseph G. Pia  _____
                                     Joseph G. Pia
                                     joe.pia@padrm.com
                                     Texas Bar No. 24093854
                                     Chrystal Mancuso-Smith (Admitted in this District)
                                     Utah State Bar No. 11153
                                     cmancuso@padrm.com
                                     PIA ANDERSON DORIUS REYNARD & MOSS
                                     136 E. South Temple, Suite 1900
                                     Salt Lake City, Utah 84111
                                     Telephone: (801) 350-9000
                                     Facsimile: (801) 350-9010

                                     ATTORNEYS FOR PLAINTIFF